

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAR 1 4 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| DANIEL P. ISAACSON<br><br>Plaintiff,<br><br>vs.<br><br>SABA & ASSOCIATES<br>Defendant. | 08CV1536<br>**JUDGE GETTLEMAN**<br>**MAG. JUDGE VALDEZ**<br><br>)**TRIAL BY JURY REQUESTED**<br>)<br>) |

## COMPLAINT

NOW COME the Plaintiffs, DANIEL ISAACSON, by and through his attorneys, ROZOVICS LAW FIRM, LLC, and for his Complaint against the Defendants, states as follows:

### PARTIES

1. Plaintiff DANIEL P. ISAACSON is citizen of the State of Illinois.

2. Defendant, SABA & ASSOCIATES, is a company organized under the laws of the State of Washington, whose principal office and place of business is 19910 Viking Avenue, NW, P.O. Box 1784, Poulsbo, WA 98370.

### JURISDICTION

3. Jurisdiction of this Court with respect to Count I (violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692, *et seq.*) and is predicated on 28 U.S.C. 1331 (federal question).

4. Jurisdiction of this Court with respect to Counts II (Invasion of the Right of Privacy), Count III (Intentional Infliction of Emotional Distress), and Count IV (Defamation Per Se) is predicated on 28 U.S.C. 1367 (supplemental jurisdiction) as these state law claims are substantially related to Count I and form part of the same case or controversy.

5. Pursuant to 28 U.S.C. 1391(b), venue is proper in the Northern District of Illinois because a substantial part of the events giving rise to the claims occurred here.

1

## ALLEGATIONS COMMON TO ALL COUNTS

6. At all times relevant to the activities described in the Complaint, the Plaintiff DANIEL P. ISAACSON was an individual person.

7. At all times relevant to the Complaint, Defendant SABA & ASSOCIATES, as its business, regularly collected or attempted to collect debts owed to parties other than Defendant in return for compensation.

8. On some date prior to March 13, 2007, Defendant, SABA & ASSOCIATES, entered into a contract or other agreement with RV Rentals Northwest, a corporation organized under the laws of the State of Washington, under the terms of which Defendant agreed to attempt to collect from DANIEL P. ISAACSON, as an individual person, the amount of $57,636.72, plus interest, purportedly owed to RV Rentals Northwest.

9. The contract or other agreement between Defendant, SABA & ASSOCIATES, and RV Rentals Northwest, did not intend to, and did not in fact provide Defendant with the rights of a creditor over Plaintiff, DANIEL P. ISAACSON.

10. On or about March 15, 2007, Plaintiff received a Notice, dated March 13, 2007, from Defendant SABA & ASSOCIATES. The Notice stated that "the above account has been listed with our office for collection, listed the "original creditor" as "RV RENTALS NORTHWEST", and claimed a "total" sum of $59,569.52 was due Defendant SABA & ASSOCIATES. This amount included $57,636.72 principal, and $1932.80 "SABA post interest". A copy of the Defendant's Notice is attached hereto and made a part hereof as Exhibit A.

11. The debt Defendant attempted to collect was based upon a rental agreement which did not provide for collection in the event of a destruction or seizure of a vehicle, did not value the

vehicle, and did not provide for recovery of interest related to collection efforts. A copy of the Rental Agreement from RV Rentals Northwest is attached hereto as Exhibit B.

12. At all times identified in this Complaint, Defendant SABA & ASSOCIATES attempted to collect a consumer debt which Defendant contends was incurred by Plaintiff DANIEL P. ISAACSON primarily for personal, family or household purposes.

13. On or about March 19, 2007, Plaintiff, DANIEL P. ISAACSON received a telephone call from Suzane, a debt collector from SABA & ASSOCIATES.

14. During the March 19, 2007 telephone call, Plaintiff disputed that he owed the debt to RV Rentals Northwest, and provided Suzane with information so that she could verify that the rented vehicle had been towed and illegally destroyed by an Illinois tow yard, Northwest Recovery, Inc.

15. On or about March 20, 2007, Plaintiff, DANIEL P. ISAACSON, received a telephone call from Suzane, who did not disclose that she was attempting to collect a debt or that any information obtained would be used for that purpose.

16. During the March 20, 2007 telephone call, Suzane abused, threatened and harassed Plaintiff by stating that she thought Plaintiff was lying, did not believe the vehicle was towed and/or illegally destroyed, and if she did not have an arrangement for payment by the end of the day, she would recommend to Jeff Gibson that DANIEL P. ISAACSON be arrested.

17. During the remainder of the week from March 21 through March 23, 2007, Plaintiff received multiple telephone calls from Suzane, a debt collector from Defendant, SABA & ASSOCIATES, and from Carol Adams, the owner of Defendant, SABA & ASSOCIATES. At no time did either Suzane or Carol Adams advise Plaintiff that they were attempting to collect a debt, or that any information obtained would be used for that purpose.

18. Between approximately March 21 and March 23, 2007, Defendant's agent and/or employee Suzane abused, threatened and harassed Plaintiff by calling Plaintiff a "liar", a "thief", stating that she thought Plaintiff was lying and attempting to commit a "scam", she did not believe the rented vehicle was towed and/or illegally destroyed, and if she did not have payment by noon she would have him arrested and/or contact the companies who had sponsored Plaintiff, DANIEL P. ISAACSON to run across the length of the United States to advise them that he was a thief.

19. Between approximately March 21 and March 23, 2007, Defendant's owner, agent and/or employee Carole Adams abused, threatened and harassed Plaintiff by calling Plaintiff a "liar", a "thief", stating that she thought Plaintiff was lying and attempting to commit a "scam", she did not believe the vehicle was towed and/or illegally destroyed, and if she did not have payment by noon she would have him arrested and/or contact the companies who had sponsored Plaintiff, DANIEL P. ISAACSON to complete a charity cross-country run across the length of the United States to advise them that he was a thief and they should get their money back from him.

20. On multiple occasions on or after March 19, 2007, Defendant, SABA & ASSOCIATES, through its agents Suzane and Carol Adams, telephoned a friend and business associate of Plaintiff's, David Klink, and advised him that they believed Plaintiff, DANIEL P. ISAACSON, owed a debt to RV Rentals Northwest, Inc., and that Plaintiff was a "liar", a "thief", that Plaintiff "stole the van", and that Plaintiff's cross-country run was an "elaborate scam".

21. On March 28 and/or March 29, 2007, Suzane, an agent and/or employee of Defendant SABA & ASSOCIATES accessed Plaintiff DANIEL P. ISAACSON's myspace.com page, left him an email message regarding "R V RENTALS" from "Suzane". This email communication

4

did not contain any notice to Plaintiff that "Suzane" was affiliated with SABA & ASSOCIATES, was attempting to collect a debt, or that any information obtained would be for that purpose.

22. On or about June 1, 2007 agents, employees and/or owners of Defendant SABA & ASSOCIATES furnished information regarding Plaintiff's consumer credit report to Equifax, a consumer reporting agency, which listed "SABA & ASSOCIATES COLLECTION" as a creditor of Plaintiff, DANIEL P. ISAACSON.

23. At some time subsequent to June 16, 2007, agents, employees and/or owners of Defendant SABA & ASSOCIATES furnished information regarding Plaintiff's consumer credit report to Equifax, TransUnion and Experian, which are consumer reporting agencies. That report changed the name of the creditor from Defendant, SABA & ASSOCIATES to RV Rentals Northwest.

24. At no time prior to the filing of this Complaint did agents, employees and/or owners of Defendant, SABA & ASSOCIATES provide information to consumer reporting agencies Equifax, TransUnion and/or Experian, reflecting that Plaintiff, DANIEL P. ISAACSON, disputed the accuracy of the information in the credit report, identifying whether Defendant had investigated Plaintiff's dispute of the furnished information, and the results of such investigation, if any.

**COUNT I: VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT**

25.　　The Plaintiff realleges, restates and incorporates by reference the allegations contained in paragraphs 1 through 24, as though fully set forth in Count I herein.

26.　　The statements contained in Defendant, SABA & ASSOCIATES' initial Notice were false and misleading in that they attempted to collect an amount that was not provided for in the original Rental Agreement with RV Rentals Northwest, and they attempted to collect

5

interest when the rental agreement did not provide for such collection, in violation of 15 U.S.C. §1692e. See Exhibits A and B.

27. Defendant SABA & ASSOCIATES violated the FDCPA by failing to provide the required disclosure of their status as a debt collector in their telephone and email correspondence to Plaintiff, DANIEL P. ISAACSON, in March 2007, in violation of 15 U.S. C. §1692e(11).

28. The statements contained in the Defendant, SABA & ASSOCIATES' telephone communications to Plaintiff in March 2007, through its employees, agents and/or owners Suzane and/or Carole Adams, were false and misleading in that it can reasonably be interpreted as meaning that Plaintiff would immediately be arrested if payment were not made "within 48 hours" or "by noon". As such, these statements constitute violations of 15 U.S.C. §§1692a(4) and 1692a(5).

29. Defendant, SABA & ASSOCIATES' statements in March 2007, through its employees, agents and/or owners Suzane and/or Carole Adams, that Plaintiff was a "liar", "thief", committed a "scam", stole the RV, their communications of such suspicions to a third party, and their threats to have Plaintiff arrested and/or contact sponsors of Plaintiff's cross-country run to advise them of such suspicions, constituted harassment, oppression and abuse of the DANIEL P. ISAACSON in an attempt to collect the debt, in violation of 15 U.S.C. §1692d.

30. Defendant, SABA & ASSOCIATES' communications with a third party, David Klink, in or about March 2007, through Defendant's employees, agents and/or owners Suzane and/or Carole Adams, were improper communications with a third party, in violation of 15 U.S.C. §1692c.

31. That as a consequence of SABA & ASSOCIATES violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692, *et seq,* Plaintiff has suffered severe and extreme

emotional distress for which he seeks actual damages in an amount in excess of $75,000 in addition to additional damages of $1,000.

32. Plaintiff has incurred expenses for attorneys' fees and costs in seeking redress for the aforesaid violations, which expenses continue to accrue, and for which he is entitled to recover pursuant to 15 U.S.C. §1692k(a)(3).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and against Defendant as follows:

A. Actual damages in the amount in excess of $ 75,000;

B. Additional damages under 15 U.S.C. §1692k in the amount of $1,000;

C. Payment of Plaintiff's attorney's fees and other costs of this action; and

D. For such other and further relief as this Court determines appropriate.

## COUNT II: INVASION OF THE RIGHT OF PRIVACY

33. The Plaintiff realleges, restates and incorporates by reference the allegations contained in paragraphs 1 through 24, as though fully set forth in Count II herein.

34. Defendant SABA & ASSOCIATES improperly published information regarding Plaintiff's credit situation when it made contacts and left postings on DANIEL P. ISAACSON's myspace.com page, which contacts and postings were accessible and viewable by Isaacson's friends, professional business associates, and others.

35. SABA & ASSOCIATES improperly disseminated information about Plaintiff's credit history and other information to Daniel Isaacson's friends and professional business associates, including David Klink, without Plaintiff's authorization.

36. SABA & ASSOCIATES improperly disseminated information about Plaintiff's credit history when it falsely advised the credit reporting agencies that it was a creditor of the Plaintiff,

and falsely listed itself as entitled to collect $61,085 from Plaintiff in June 2007, and thereby provided information regarding an account it was not allowed by law to list with the credit reporting agencies.

37. Defendant SABA & ASSOCIATES' actions were highly offensive to the Plaintiff, and would be highly offensive to any reasonable person.

38. The Plaintiff's credit history and other personal information was a purely private matter of the Plaintiff.

39. Defendant SABA & ASSOCIATES' actions served no legitimate purpose, public or private.

40. As a result of SABA & ASSOCIATE'S actions, the Plaintiff has experienced severe mental anguish and suffering.

WHEREFORE, the Plaintiff, DANIEL P. ISAACSON, respectfully requests that this Court:

A. Enter judgment in favor of the Plaintiff, DANIEL P. ISAACSON, and against SABA & ASSOCIATES, in an amount in excess of $75,000;

B. Enter an order requiring immediate removal of all adverse credit information from the Plaintiff's credit report, along with all other actions necessary to repair the Plaintiff's credit report, and removal from the public view of all other personal information regarding Plaintiff;

C. Award the Plaintiff costs of suit; and

D. For any other relief which is just and equitable.

**COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

41. The Plaintiff realleges, restates and incorporates by reference the allegations contained in paragraphs 1 through 24, as though fully set forth in Count III herein.

42. The actions of Suzane and Carol Adams, as agents, employees and/or owners of Defendant, SABA & ASSOCIATES, constituted extreme and outrageous conduct when they made verbal threats and harassing statements to Plaintiff, posted false credit information regarding Plaintiff with Equifax, posted communications with Plaintiff through myspace.com, and communicated private information, threats and defamatory information to Plaintiff's business associates, friends.

43. Defendant SABA & ASSOCIATES, and its agents, employees and/or owners, Suzane and/or Carol Adams, intended that its conduct would inflict severe emotional distress on the Plaintiff, DANIEL P. ISAACSON, or knew that there was a high probability that its conduct would cause the Plaintiff severe emotional distress.

44. As a result of Defendant SABA & ASSOCIATES' conduct, the Plaintiff, DANIEL P. ISAACSON, has suffered, and continues to suffer, extreme emotional distress.

WHEREFORE, the Plaintiff, DANIEL P. ISAACSON, respectfully requests that this Court:

A. Enter judgment in favor of the Plaintiff, DANIEL P. ISAACSON, and against SABA & ASSOCIATES, in an amount in excess of $75,000;

B. Enter an order requiring immediate removal of all adverse credit information from the Plaintiff's credit report, along with all other actions necessary to repair the Plaintiff's credit report, and removal from the public view of all other adverse information regarding Plaintiff;

C. Award the Plaintiff costs of suit; and

D. For any other relief which is just and equitable.

## COUNT IV: DEFAMATION PER SE

45. The Plaintiff realleges, restates and incorporates by reference the allegations contained in paragraphs 1 through 24, as though fully set forth in Count IV herein.

46. Defendant SABA & ASSOCIATES, through its agents, employees and/or owners, Suzane and/or Carole Adams, made false statements of fact by telling David Klink, a professional business associate and friend of Plaintiff, that Plaintiff, DANIEL P. ISAACSON owed a debt to RV Rentals Northwest, Inc., and that Plaintiff was a "liar", a "thief", "stole the van", and that Plaintiff's cross-country run was an "elaborate scam".

47. Defendant's statements imputed a want of integrity to the Plaintiff, and severely prejudiced him in his professions.

48. Defendant's statements have caused harm to the reputation of the Plaintiff, have lowered the Plaintiff in the eyes of his family, friends, professional business associates and colleagues, and others in the community, and deterred many of these individuals and entities from associating with him.

WHEREFORE, the Plaintiff, DANIEL P. ISAACSON, respectfully requests that this Court:

- A. Enter judgment in favor of the Plaintiff, DANIEL P. ISAACSON, and against SABA & ASSOCIATES, in an amount in excess of $75,000;
- B. Enter an order requiring immediate removal of all defamatory statements and information from public or private sources which SABA & ASSOCIATES controls access to;
- C. Award the Plaintiff costs of suit; and
- D. For any other relief which is just and equitable.

             Respectfully Submitted,
             ROZOVICS LAW FIRM, LLC


             By: /s/ Michelle J. Rozovics
             Attorney for Plaintiff

Michelle J. Rozovics – ARDC# 6237997
Rozovics Law Firm, LLC
263 King Street
Crystal Lake, IL 60014
(815) 479-9733
(815) 479-9734 FAX

# EXHIBIT A

```
SABA & ASSOCIATES                       ACCOUNT #:   16654
                                        ORIGINAL
19910 VIKING AVE NW                     CREDITOR:   - RV RENTALS NORTHWEST
PO BOX 1784                             PRINCIPAL:   $57636.72
POULSBO, WA 98370                       SABA
360-779-3646                            POST INTEREST $1932.80
360-698-1432                            STATUTORY
                                        COLLECTION
                                        COSTS:       $ 0.00
                                        TOTAL:       $59569.52


     MAR 13, 2007

     DANIEL P ISAACSON
     260 WARWICK LN

     LAKE IN THE HILLS, IL 60156
```

THE ABOVE ACCOUNT HAS BEEN LISTED WITH OUR OFFICE FOR COLLECTION.

I M P O R T A N T     N O T I C E

IF PAID IN FULL TO THIS OFFICE, THIS ACCOUNT WILL NOT BE REPORTED TO THE NATIONAL CREDIT BUREAU, EQUIFAX.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE, IN WRITING, WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

# EXHIBIT B

Reservation#: 000694
R/A#: 160

**RV RENTALS NORTHWEST - POULSBO**
19705 VIKING AVENUE NW*POULSBO*WA*98370

Rental Contract

Book Date: 06/07/2006 11:10 AM
Tel: (800) 718-0165  Pick Up Time: 01:00 PM
Fax: (360) 626-5592  Drop Off Time: 11:00 AM

Destination: PL
Nights: 101
Odometer Out: 0
Generator Hrs. Out: 0

Unit#:
Vin#:
Lic Plate#:

Leave On: 06/11/2006  01:00 PM
Return On: 09/20/2006  11:00 AM

**Customer**
DAN ISAACSON
XXX
XXX, XX 90000
XXX  XX  01/01/2007
PH#: 000      Cell#: 815 238-9375
Email:DAN@PSFOUNDATION.COM
Occupants #: 0

**Additional Options/Equipment**
| | | | |
|---|---|---|---|
| 1 | CLEANING FEE | 0 | 99 |
| 1 | SECURITY DEPOSIT | 0 | 1000 |

**Additional Drivers**
NONE

**Estimated Charges**
Nights: 101
Days @ $99.00

Notes:

Base Rental Cost: 9,999.00
Credit/Discount Total: $0.00
Base Rental Subtotal: $9,999.00
Mileage: 0.36  0.00
Total Options/Equipment: $1,099.00
Rental Total: $11,098.00
County Tax Total: 8.60 %  $868.43
Rental Tax Total: 0.30 %  30.29
Estimate Total: $11,996.72
Payment Total: $0.00
Balance: 11996.72

Renter also agrees to the Terms and Conditions of Renting a motor home from RV Rentals NW, LLC.
Damages to vehicle will be deducted from security deposit; and additional charges above the limit of the security deposit will be billed to and collectible immediately.

Renter: _[signature]_  By: _____
OPEN-R/A           AS AGENT FOR   RV RENTALS NORTHWEST - POULSBO