DANIEL P. ISAACSON,           )
                             )
        Plaintiff,            )       No.  08 C 1536
    v.                        )
                             )       Judge Robert W. Gettleman
SABA COMMERCIAL SERVICES      )
CORPORATION, d/b/a SABA &     )
ASSOCIATES,                   )
                             )
        Defendant.            )

## MEMORANDUM OPINION & ORDER

Plaintiff, Daniel P. Isaacson, has brought a four-count amended complaint against

defendant SABA Commercial Services Corporation, d/b/a SABA & Associates, alleging

violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*,

(Count I), invasion of the right of privacy (Count II), intentional infliction of emotional distress

(Count III), and defamation per se (Count IV).  Defendant has moved for summary judgment on

Count I under Fed. R. Civ. P. 56, and to dismiss Count IV under Fed. R. Civ. P. 12(b)(6) for

failure to state a claim.  Plaintiff has moved to disqualify defendant's counsel pursuant to Local

Rules 83.51.6 and 83.51.7 and Model Rules of Professional Conduct 1.7 and 1.9.  For the

reasons stated below, the court grants summary judgment for defendant on Count I, and declines

to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining counts.

## FACTS

Plaintiff, the Executive Director of the PSF Foundation ("PSF"), rented a recreational

vehicle ("RV") from RV Rentals Northwest ("RV Rentals") in the State of Washington to

support his run across the United States to raise money for charity.  When the plaintiff passed

through Illinois during the run, the RV was temporarily parked in a residential parking complex in Lake Zurich, Illinois. A representative of the parking complex contacted Northwest Recovery, Inc. ("Northwest Recovery"), an Illinois tow yard, and requested that the RV be towed. The RV was subsequently sold by Northwest Recovery.

Some time after the vehicle was sold, RV Rentals formed an agreement with defendant, a collection agency, whereby defendant agreed to attempt to collect from plaintiff $57,636.72, plus interest, purportedly owed to RV Rentals as a result of the sale of the RV. On approximately March 15, 2007, plaintiff received a notice from defendant stating that "the above account has been listed with our office for collection," and naming RV Rentals as the original creditor and plaintiff as the debtor. The total amount due, $59,569.52, included the $57,636.72 principal and $1932.80 in "SABA post interest."

In the following days, plaintiff received numerous phone calls from a debt collector named "Suzane" employed by defendant, and Carol Adams ("Adams"), defendant's owner. The content and tone of the calls is disputed, but the purported nature was to pressure plaintiff into paying defendant the debt allegedly owed.

Suzane and Adams also placed numerous calls to David Klink ("Klink"), a friend and business associate of plaintiff, attempting to leverage Klink's relationship with plaintiff to extract payment. The content of these calls is disputed. The final communication occurred on approximately March 28, 2007, when Suzane sent plaintiff a message via his myspace.com page regarding "RV Rentals." Plaintiff alleges that neither Suzane nor Adams informed him that they were attempting to collect a debt, or that any information obtained from him would be used for that purpose.

On approximately June 1, 2007, defendant informed the consumer credit reporting agency Equifax of the outstanding debt, listing defendant as plaintiff's creditor. Later that month, defendant sent an updated report to Equifax and two other credit reporting agencies, TransUnion and Experian, changing the creditor on the report from defendant to RV Rentals. Defendant did not inform the agencies that plaintiff disputed the accuracy of the information in defendant's report, or whether defendant had investigated plaintiff's version of the events.

## **DISCUSSION**

*Motion for Summary Judgment on Count I*

In Count I, plaintiff alleges that defendant through its agents violated the FDCPA by making false statements, failing to disclose defendant's status as a debt collector in correspondence with plaintiff, threatening to have plaintiff arrested and/or contact his charity run sponsors, and communicating with a third party about his alleged debt. Defendant has moved for summary judgment on Count I, arguing that there is no genuine issue of material fact that the debt at issue in the instant case is not within the scope of protections of the FDCPA.

Summary judgment is appropriate if the evidence demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Village Church v. Village of Long Grove, 468 F.3d 975, 988 (7th Cir. 2006). The burden is on the moving party to identify portions of the pleadings, answers to interrogatories, and affidavits which demonstrate an absence of material fact. See Celotex, 477 U.S. at 323 (1986). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(c). When reviewing a summary judgment

motion, the court must read the facts in the light most favorable to the non-moving party.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986).

The court's role "is not to evaluate the weight of the evidence or to determine the truth of the

matter, but instead to determine whether there is a genuine issue of triable fact." Doe v. R.R.

Donnelley & Sons Co., 42 F.3d 439, 443 (7th Cir. 1994).

Congress enacted the FDCPA in 1977 "to eliminate abusive debt collection practices by

debt collectors." 15 U.S.C. § 1692e.  Numerous provisions have been enacted to prevent abuse,

such as prohibiting debt collectors from using any "misleading representation" in connection

with collecting a debt, which includes threatening "to take any action that cannot legally be

taken."[1]  To bring a successful claim under FDCPA, plaintiff must show: 1) that defendant was a

"debt collector;" 2) that there was an attempt to collect a debt; and 3) the collection practice was

abusive or unfair as defined under the FDCPA.  Kang v. Eisenstein, 962 F. Supp. 112, 114 (N.D.

Ill. 1997).

At issue in the instant case is whether the money defendant was attempting to collect was

a debt as defined by the FDCPA.  Defendants argue that the debt was not "primarily for personal,

family or household purposes . . . " as required by 15 U.S.C. § 1692a(5), and did not arise from a

consensual transaction, but rather arose when RV Rentals sought to recover the value of its rental

---

[1] Section 1692e of the FDCPA states:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any
> debt. Without limiting the general application of the foregoing, the
> following conduct is a violation of this section . . . (5) The threat to
> take any action that cannot legally be taken or that is not intended
> to be taken.

vehicle after it was towed and sold. The term "debt" as defined by the FDCPA means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a. In the context of the FDCPA, a "transaction" must involve, at a minimum, some kind of business dealing or other consensual obligation. Id.; See Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361 (M.D. Fla. 2002).

Plaintiff offers two arguments in opposition to the motion for summary judgment, both of which are without merit. First, he asserts that the "subject of the transaction" in this case is determined by the activities of the defendant and how it sought to collect from him. Second, he argues that summary judgment should be denied so that he may have time to more fully explore through discovery whether transactions that have a charitable intent can have either a "personal" or "household" purpose.

There is no language in the FDCPA or any controlling case law that supports plaintiff's argument that the means of collection define the nature of the debt. It is beyond dispute that plaintiff rented the vehicle from RV Rentals on behalf of his non-profit business for the cross-country charity run. Plaintiff admits that he "did not agree to personally guarantee any debts of PSF Foundation..." and that the debt reported to the credit bureaus "originat[ed] from a business debt on behalf of a not for profit corporation...." This places the debt squarely outside of the category of transactions that the FDCPA was intended to cover. Plaintiff has presented no evidence to the contrary, nor identified a genuine issue of material fact that precludes summary judgment on this issue.

As for his second argument, plaintiff does not contest genuine issues of material fact, but improperly seeks additional time to conduct legal research rather than factual discovery. The court declines plaintiff's request.

Consequently, although defendant's alleged conduct was, if proven, abusive and ill-advised, the uncontested facts compel granting defendant's motion for summary judgment on Count I.

## CONCLUSION

For the reasons discussed above, the court grants defendant's motion for summary judgment as to Count I, and declines to exercise its supplemental jurisdiction over Counts II, III, and IV. These counts are dismissed without prejudice. Consequently, defendant's motion to dismiss Count IV and plaintiff's motion to disqualify counsel are deemed moot.

**ENTER:** **June 9, 2009**

_____
**Robert W. Gettleman**
**United States District Judge**